**William N. TATE, Plaintiff,**

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.**

**Civ. A. No. C81–714A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

June 9, 1982.

Carl V. Kirsch, Smith, Polstra & Kirsch, Atlanta, Ga., for plaintiff.

William A. Clineburg, Jr., Gregg J. Borri, King & Spalding, Atlanta, Ga., for defendant.

### ORDER OF THE COURT

FORRESTER, District Judge.

Recently this court received a letter from counsel for the plaintiff requesting action in some preliminary matter in this case.

The court believes that Rule 7(b) *et seq.* of the Federal Rules of Civil Procedure requires that such requests for orders of the court be made in motion form. Plaintiff's letter will be filed, but the court will take no action upon it until the matter is raised by motion.

The court recognizes that it is becoming increasingly common in this district to transact business with the court by letter. The aegis for such a practice is not known to the court, and, frankly, the court cannot think of any sound reason for countenancing this deviation from the older notion that courts are addressed by motion or other proper pleadings and courts speak only through their orders. There are many salutary reasons for insisting upon motions in proper form. The clerk of this court must process thousands of documents monthly. A letter does not on its face always contain the full caption, and seldom is the relief requested quickly ascertainable. There is nothing about a letter which even informs the clerk that it should be docketed. Letters addressed to the judge's chambers bypass the clerk's office altogether and arrive in chambers before the matters contained therein are ripe for adjudication. This requires that they be put aside to allow for response, and this departure from the court's normal submission practice invites the possibility that an important matter will be overlooked.

Beyond the considerations of efficiency and handling, the court notes that all of the rules governing motion practice including form, service, the requirement of a brief and, when indicated, supporting affidavits often have a way of getting overlooked if the court is addressed by letter. Finally, opposing counsel may be in a quandary as to whether to respond and if so when.

The court intends no criticism of counsel for the plaintiff in this matter. As the court has not written earlier on this practice it has taken this opportunity to express its view in the instant matter and its procedure hereafter.